UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAUREL STADTMUELLER,

        Plaintiff,

  v.

        Case No. 19-cv-620-pp

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

        Defendant.

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 3)**

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff is employed, she is not married, and she has no dependents that she is responsible for supporting. Dkt. No. 3 at 1. The plaintiff states she has income of $1,150 per month from Goodwill Industries, id. at 2, and against that income she lists $1,118.95 of monthly expenses ($284 for rent, $595.22 for household expenses, $125 for

1

bus pass and taxi fare, $54.73 for "Kwik Loan Repayment + Int and Fees," and $60 for pet care), id. at 2-3. The plaintiff does not own a car or a home, or any other property of value. Id. at 3-4. The plaintiff does indicate that she has $2,613.20 in a bank account, id. at 3, however, under the "Other Circumstances" section of the affidavit, she states, "Almost all of the money in my bank account is the result of receiving my tax returns, deposited last month and a one-time payment from the Winnebago County Housing Authority. The payment from the Housing Authority was the result of completing the Family Self Sufficiency Program. I have been and will be spending it along with my tax refund to cover things that I need throughout the year. I normally don't have anywhere close to that amount of money in my bank account. I also have Kwik Cash loan in the amount of 1,172.84 with a 17.9% interest rate that I'm paying off." Despite the relatively large amount currently in the plaintiff's bank account, the court believes her when she says that she will need the money to cover upcoming expenses. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the

Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint states that she was disabled during the time period of this case, and that there were problems with the decision denying her benefits. Dkt. No. 1 at 3. The plaintiff indicates that the decision found a moderate limitation in concentration, persistence and pace, but the RFC assessment did not contain limitations appropriately reflecting that limitation; the listing discussion did not consider the valid full scale IQ of 67 in conjunction with marked limitations using information and persisting in pace; no evidence supported a finding of a medium exertional RFC; and the decision did not properly assess the plaintiff's credibility. Id. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 1st day of May, 2019.

                           **BY THE COURT:**

                           **HON. PAMELA PEPPER**
                           **United States District Judge**